UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYRONE RICHARD PAYNE,                                                                    Plaintiff,

v.                                                                         Civil Action No. 3:14-cv-P600-DJH

LOUISVILLE METRO DEPT. OF CORRECTIONS *et al.*,                          Defendants.

\* \* \* \* \*

## **MEMORANDUM AND ORDER**

Upon initial screening of the second amended complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's retaliation claims to proceed against Louisville Metro Department of Corrections (LMDC) Officers Green and Cline in their individual capacities based on Plaintiff's allegations that Green and Cline denied him access to call his attorney in retaliation for filing a 42 U.S.C. § 1983 action. The docket sheet shows that on March 24, 2015, summonses were returned executed on Green and Cline by the U.S. Marshals Service. To this date, however, Green has not filed an answer.

A review of the docket sheet shows that on April 9, 2015, counsel filed an answer on behalf of Corrections Officer Cline. However, counsel did not file an answer on behalf of Corrections Officer Green. Counsel for Cline also represents LMDC employee Puckett.[1] Because counsel represents two other LMDC employees in this action, **IT IS ORDERED that counsel for Cline and Puckett shall clarify within 30 days from the entry of this Memorandum and Order whether he also represents Green**.

The Court notes that, because Plaintiff is proceeding *in forma pauperis*, the Court must order service by the U.S. Marshals Service. Fed. R. Civ. P. 4(c)(3). "[W]hen a plaintiff is

---

[1] The Jefferson County Attorney's Office originally represented Puckett in this action. However, on April 2, 2015, Puckett's present counsel filed a notice of substitution of counsel, and on April 9, 2015, the same counsel filed an answer on behalf of Cline.

proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(3). The Court finds that Plaintiff has taken reasonable steps to identify Green. After the plaintiff identifies the subject defendant by name, the burden shifts to the U.S. Marshals Service to obtain his or her current address and to properly effect service. *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). In an effort to alleviate the burden on the U.S. Marshals Service, the Court attempts to secure a waiver of service of process when possible. To the extent that counsel represents Green, counsel may submit a notice of waiver of service on behalf of Green.

Absent a waiver, the Court will redirect service by the U.S. Marshals Service. To the extent that counsel does not represent Green or does not consent to a waiver of service on Green's behalf, **IT IS ORDERED that either counsel for Cline and Puckett or the Jefferson County Attorney's Office must provide the Court with Green's last known address within 30 days from the entry of this Memorandum and Order**. The address may be filed under seal and will be used only to effect service. If filed under seal, the address will not be provided to Plaintiff.

If an address is provided for Green, **the Clerk of Court is DIRECTED to issue summons and have the United States Marshal serve a copy of the complaint (DN 1), amended complaint (DN 12), second amended complaint (DN 24), summons, the Court's January 27, 2015, Memorandum Opinion and Order (DN 38), and the Court's March 10,**

2

2015, Amended Order Directing Service and Scheduling Order (DN 42) on Green in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Date:   June 17, 2015

David J. Hale, Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of record
      Jefferson County Attorney
4415.010