UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYRONE RICHARD PAYNE, Plaintiff,

v. Civil Action No. 3:14-cv-P600-DJH

LOUISVILLE METRO DEPT. OF CORRECTIONS *et al.*, Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tyrone Richard Payne, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court on three pending motions filed by Plaintiff. The Court will also address the numerous letters filed by Plaintiff.

At this stage of the litigation, the following claims are proceeding: a) claims against Defendants Corrections Officers Green and Cline in their individual capacities based on allegations that they denied Plaintiff access to call his attorney in retaliation for filing a § 1983 action; b) claims against Defendants Nurse Amanda and Nurse Lucas in their individual capacities based on allegations that they gave Plaintiff diabetic food trays even though he was not diabetic causing Plaintiff to lose 10% of his muscle mass and body weight; c) claims against Defendants Puckett and Nurse Lucas in their individual capacities based on allegations that Plaintiff was assigned to an open-wing dorm without a bottom bunk causing him injury; and d) a claim against Defendants Puckett in his individual capacity based on allegations that Plaintiff was placed in an unsanitary cell causing him injury.

*Motion to file supplemental complaint*

The Court will first address Plaintiff's motion which he captioned as a "Motion to allow co-defendants in their individual capacity to Amended Law-suite" (DN 56). Plaintiff states that on March 26, 2015, Defendant Green and non-Defendant Corrections Officer Hamilton made "wise-cracks" about him while a female commissary employee was distributing commissary items to him in his cell. He goes on to describe the incident as follows:

> I stated, "Tell it to the Judge Green," I don't fu** with you, we already have a law-suite against each other. C/o Green replied, "I don't give a dam about no law-suite." I replied, "so what"! C/o Greene continue to make wise cracks such as, "a law-suite you think I fu**ing care," then I said, "Oh go get on a tread-mill you big ox." Just then c/o Green got angry and slammed the door to my cell into my face and the female commissary girl (Nay-Nay')'s face.
>
> The commissary girl needed paperwork to ensure that I receive the items, so c/o Green (had slammed the door), he open the door assisted by c/o Hamilton, enter my cell and begin to "choke me" putting his hands around my neck as he put his obese weight, and body upon my person. C/o Hamilton searched my papers, and yelled, "I found it," took a receipt gave it to the commissary girl, and as c/o Green chocked me, it was once c/o Hamilton said, I've got it that c/o Green released his hold upon my neck. C/o Green boasted and bragged about pinning me down and made the comment, "I don't care about no law-suite Payne," as c/o Green and c/o Hamilton exit my cell, and slammed the door. They also took the commissary items that I had purchased and refused to give me these items I purchased.

Plaintiff contends that Defendant Green's "actual physical behavior of violence that involved c/o Green chocking me and putting his physical weight upon me is, and was a direct retaliation for the federal court summons were served upon c/o Green on 3-19-15 . . . . C/o Green's physical violent actuations is a direct result to myself exercising my Constitutional Rights." He also states that Defendant Green's actions violated the Eighth Amendment. Plaintiff maintains that Defendant Green "acted in his own individual-capacity to violate Inmate Payne's rights and to cause a physical assault on Inmate Payne. Thus Inmate Payne ask this Court to allow this motion to be enter into his 1983 Action law suite against c/o Officer Green in his Individual Capacity."

Under Fed. R. Civ. P. 15(d), "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Court construes the instant motion as seeking to file a supplemental complaint against Defendant Green.

Because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must determine whether Plaintiff's proposed claims are sufficient to survive initial review under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A and *McGore*, 114 F.3d at 604, the trial court must review the complaint and dismiss any claim that it determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Upon review of Plaintiff's motion under § 1915A, the Court concludes that Plaintiff's allegations that Defendant Green slammed a cell door into his face and choked him in retaliation for filing the instant action are sufficient to state a cognizable claim for retaliation in violation of the First Amendment. In addition, although Plaintiff cites the Eighth Amendment in his motion, the Eighth Amendment protects convicted inmates from cruel and unusual punishment after conviction. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). The Fourteenth Amendment's Due Process Clause protects state pretrial detainees from cruel and unusual punishment. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006). Therefore, because Plaintiff is a pre-trial detainee, the Court construes the allegations as bringing a claim of excessive force under the Fourteenth Amendment. Upon review under § 1915A, the Court finds that Plaintiff's allegations are sufficient to state such a cognizable claim under the Fourteenth Amendment. Therefore,

**IT IS ORDERED** that the motion to file a supplemental complaint (DN 56) is **GRANTED**. The Court will allow Plaintiff's retaliation and excessive-force claims to proceed against Defendant Green in his individual capacity. The Court will enter a separate amended scheduling order directing Green to file an answer to the supplemental complaint and revising other pre-trial deadlines.

*Motion for extension of time*

Plaintiff also filed a motion seeking an extension of time to respond to Defendants' interrogatories (DN 55). Defendants did not file a response to the motion. Subsequent to Plaintiff's motion, Defendants filed motions for summary judgment. The Court therefore concludes that Plaintiff has already responded to the interrogatories or that Defendants were able to file their dispositive motions without the need for Plaintiff's answers to interrogatories. Moreover, as stated above, the Court will extend the discovery deadline by separate Order. Accordingly,

**IT IS ORDERED** that that the motion for extension of time (DN 55) is **DENIED as moot**.

*Motion for dismissal of assault charge*

Plaintiff also filed a motion captioned as a "Motion for Dismissal of Assault 1st Degree" (DN 73). In the caption of the motion, he lists this Court and the instant civil action number, as well as the Jefferson Circuit Court and a case number from that court. He contends that the charge of Assault in the First Degree pending against him in Jefferson Circuit Court should be dismissed because of violations of his constitutional rights.

However, Plaintiff cannot seek the dismissal of his state-court charges in the context of this federal action. The Supreme Court made clear in *Younger v. Harris*, 401 U.S. 37 (1971),

4

that "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger*, 401 U.S. at 44). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997). The state has an important interest in adjudicating the criminal case. In light of the available avenues through which Plaintiff may raise a constitutional challenge in the pending case, this Court will not interfere with an on-going Kentucky state court proceeding. *See Tindall v. Wayne Cty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). Therefore,

      **IT IS ORDERED** that Plaintiff's motion to dismiss his state-court assault charge (DN 73) is **DENIED**.

      To the extent that Plaintiff's motion states his interest in filing a habeas corpus action, the **Clerk of Court is DIRECTED** to send Plaintiff forms for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 and § 2254.

### *Letters filed by Plaintiff*

      In addition to the above motions, Plaintiff also has filed numerous letters addressed to the undersigned. The Court **INSTRUCTS** Plaintiff that the proper method for seeking relief from this Court is by written motion and not through letters addressed to the Court.

With regard to Plaintiff's questions about how to proceed in this action or what motions he should file (DNs 63 and 72), the Court cannot give him legal advice. In addition, to the extent that he requests this Court to direct LMDC to allow him to use his debit or credit card (DN 59), the Court has already addressed this request, *see* DNs 38 and 38, and reiterates that his allegations do not give rise to a constitutional claim. Moreover, the Court will not interfere in internal prison administrative matters. Upon review of the other letters filed by Plaintiff, they do not warrant discussion by the Court.

Date: March 2, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Counsel of record
4415.010