UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYRONE RICHARD PAYNE, Plaintiff,

v. Civil Action No. 3:14-cv-P600-DJH

LOUISVILLE METRO DEPT. OF CORRECTIONS et al., Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion for summary judgment filed by Defendants Amanda Hopkins and Carrie Lucas, by counsel (DN 61). Plaintiff, proceeding *pro se*, has responded (DNs 65 and 67). Defendants Hopkins and Lucas have replied (DN 69). For the following reasons, Defendants' summary-judgment motion will be granted.

### I.

Plaintiff, a pretrial detainee at the Louisville Metropolitan Department of Corrections (LMDC), filed this civil-rights action against several LMDC employees. Plaintiff's claims against Defendants Hopkins and Lucas, both nurses at LMDC, are that they ordered him diabetic food trays even though Plaintiff was not diabetic. Plaintiff also alleged that Nurse Lucas "caused [Plaintiff] harm when she approved him to move[] onto the floor to sleep."

In their summary-judgment motion, Defendants argue that Plaintiff did not engage in any pretrial discovery with regard to his claims against Defendants Hopkins and Lucas. They argue that there is no evidence that Defendants were responsible for Plaintiff receiving a diabetic diet; instead, they argue that the diabetic diet was initiated based on Plaintiff's admissions to other medical staff members on his initial medical screening at LMDC. Defendants also state that once Plaintiff indicated he no longer wished to receive a diabetic food tray, orders were placed to

resume a normal diet. They further assert that Plaintiff has failed to produce any evidence to support allegations that he was damaged by being given diabetic food trays.

With regard to Plaintiff's claim that Defendant Lucas caused him harm when she approved him to sleep on a floor, Defendants state that Plaintiff has been moved all over LMDC for various reasons. They assert that there is no evidence to suggest that Defendant Lucas had anything to do with Plaintiff's housing classification.

In response, Plaintiff argues that Defendants filed their summary-judgment motion after the September 2, 2015, deadline, and that he did engage in pretrial discovery when he sent a pretrial memorandum and discovery evidence via the U.S. Post Office.

Plaintiff argues that defense counsel is "trying to mislead" the Court by suggesting that if Plaintiff stated that he was a possible diabetic such statement would permit "diabetic food trays of anything diabetic without a Medical Doctor's consent." He also states that as his Grievance No. 000021 showed he was put on a diabetic diet not due to his medical history and screening form but because Nurse Hopkins "went behind the Director of Nursing and deliberately and intentionally put [him] back on the incorrect food-tray diet!"

With regard to being housed in the open-wing dorm, Plaintiff admits that Nurse Lucas was not responsible and asks the Court to remove her as a Defendant. He states that Nurse Lucas's actions as charge-nurse in removing him from the medical floor were due solely to her supervisor, Defendant Puckett.

In reply, Defendants correctly point out that their summary-judgment motion was timely filed on September 2, 2015, as evidenced by the docket sheet in this case. They argue that Plaintiff has not indicated the existence of documentation to support his claim against Defendants Lucas and Hopkins regarding the diabetic food trays, which now, since Plaintiff has

requested dismissal of the claim against Defendant Lucas regarding his reassignment to the open-wing dorm, is the only claim left against them. They argue that, rather than showing deliberate indifference to a serious medical need, placing Plaintiff on a diabetic diet showed "great concern for his medical needs." They argue that Plaintiff has failed to show that either of these Defendants had anything to do with the decision to put him on a diabetic diet. Further, they argue, that even assuming they were responsible for his diabetic diet, Plaintiff has failed to prove damage from being placed on the diet.

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, first, "a party seeking summary judgment . . . bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citation omitted); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of his case for which he has the burden of proof. *See Celotex Corp.*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990).

*Claim regarding diabetic meals*

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). The objective component requires the existence of a sufficiently serious medical need.[1] *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a sufficiently culpable state of mind, rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842). Less flagrant conduct, however, may still evince deliberate indifference where there is "'a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment.'" *Id.* (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Defendants argue that there is no evidence that they were responsible for Plaintiff receiving a diabetic diet. Instead, they assert that the diabetic diet was initiated based on

---

[1] Diabetes may qualify as a serious medical need, *see Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005), and deprivation of a proper diet for diabetes may likewise qualify as a serious medical need. *See Johnson v. Harris*, 479 F. Supp. 333, 336-37 (S.D.N.Y. 1979) (denying a diabetic prisoner a special diet may violate the Eighth Amendment because certain foods are extremely dangerous to diabetics' health). However, the Court is not convinced that receiving a diabetic diet instead of a regular diet can also be regarded as a serious medical need. Nevertheless, for purposes of this Memorandum Opinion and Order, the Court will assume without deciding that it so qualifies.

Plaintiff's admissions to other medical staff members at his initial screening when he entered LMDC. According to Defendants, once Plaintiff indicated that he no longer wished to receive a diabetic food tray, orders were placed to resume a normal diet. They also assert that Plaintiff has failed to produce any evidence to support allegations that he was damaged by being given diabetic food trays.

Defendants attach the LMDC initial medical screening form for Plaintiff. In the space provided to explain an affirmative answer to the question, "Do you have any medical problems that we should know about?" is the following: "states possible diabetic."

In Plaintiff's response to the motion for summary judgment, with regard to whether these Defendants were responsible for placing him on a diabetic diet, Plaintiff offers only his statement that, as shown in "Grievance No. 000021," he was put on a diabetic diet not due to his medical history and screening form but because Nurse Hopkins "went behind the Director of Nursing and deliberately and intentionally put [him] back on the incorrect food-tray diet!" He does not attach this grievance form to his response.

Plaintiff does not question the accuracy of the medical screening form attached to Defendants' summary-judgment motion. Moreover, in his supplemental complaint (DN 24), Plaintiff stated that "it is his opinion that Nurse Amanda at LMDC Jail Medical Unit violated his rights when she deliberately went into the computer several times and after nurses would change the food-tray labeling. She would change it back to Diabetic food-tray." That supplemental complaint was signed under penalty of perjury and is, therefore, considered a verified amended complaint.

Statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*,

229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). However, Fed. R. Civ. P. 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Consistent with that rule, courts have applied a strict personal knowledge requirement to affidavits or declarations submitted in summary judgment proceedings. *See, e.g.*, *Totman v. Louisville Jefferson Cty. Metro Gov't*, 391 F. App'x 454, 464 (6th Cir. 2010) (to constitute evidence sufficient to support or oppose a motion for summary judgment, an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated") (internal quotation marks and citation omitted); *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (holding that the affiant's "statement . . . based upon his 'belief'. . . did not demonstrate the personal knowledge required by" Rule 56) (citation omitted); *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002) (the "personal knowledge requirement [of Rule 56] prevents statements in affidavits that are based, in part, 'upon information and belief' -- instead of only knowledge -- from raising genuine issues of fact sufficient to defeat summary judgment"). To the extent allegations are not based on personal knowledge, they may be disregarded for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d at 526 n.13. "In order to survive summary judgment, Plaintiff cannot rely on conjecture or conclusory accusations. . . . Conclusory assertions, supported only by Plaintiff's own opinions, cannot withstand a motion for summary judgment." *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008).

    Plaintiff's allegation in his verified amended complaint that his receipt of diabetic food trays was the result of Defendant Hopkins deliberately and arbitrarily changing the order in the

computer is not based on his personal knowledge. In fact, Plaintiff states in the verified amended complaint that "*it is his opinion*" that Defendant Hopkins "deliberately went into the computer several times" and changed the orders regarding Plaintiff's food tray. (Emphasis added.) Such a conclusory statement is not sufficient to defeat summary judgment. *See Palacio v. Lofton*, No. 9:08-CV-0858, 2010 WL 3724179, at *6 (N.D.N.Y. July 28, 2010) (finding statements in verified complaint that were "wholly conclusory and based on speculation and conjecture rather than on personal knowledge" insufficient to raise a triable issue of fact); *Edmonds v. Timmerman-Cooper*, No. 2:07-CV-1227, 2009 WL 1047111, at *8 n.18 (S.D. Ohio Apr. 17, 2009) ("[P]laintiff's personal belief that staff negligence prompted inmates' inappropriate behavior is conclusory, irrelevant and insufficient to create a genuine issue of material fact.") (citing *Arendale v. City of Memphis*, 519 F.3d at 605). Thus, the Court finds that Plaintiff's statement in his verified amended complaint is not sufficient to overcome Defendants' summary-judgment motion. Plaintiff has failed to establish that these Defendants were responsible for him being placed on a diabetic diet, and Defendants are entitled to summary judgment on this claim.

### *Claim against Defendant Carrie Lucas regarding housing assignment*

With regard to being housed in the open-wing dorm, Plaintiff admits that Nurse Lucas was not responsible and asks the Court to remove her as a Defendant. He states that Nurse Lucas's actions as charge-nurse in removing him from the medical floor were due solely to her supervisor, Defendant Puckett. There clearly is no genuine issue of material fact as to this claim, and the Court finds that Defendant Lucas is entitled to summary judgment in her favor as a matter of law.

### III.

For the foregoing reasons,

**IT IS ORDERED** that Defendants Hopkins and Lucas's motion for summary judgment (DN 61) is **GRANTED**.

The Clerk of Court is **DIRECTED** to terminate Defendants Hopkins and Lucas as parties to this action.

Date: September 14, 2016

                                                     **David J. Hale, Judge**
                                            **United States District Court**

cc:     Plaintiff, *pro se*
         Counsel of record
4415.009